MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By:    F. JAMES LOPREST, JR.
Special Assistant United States Attorney
86 Chambers Street, Room 410
New York, New York 10007
Tel. No.: (212) 637-2728

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
DARIUSZ SIERGIEJUK,                                         :
                                                            :
                        Plaintiff,                          :
                                                            :    ANSWER
            - v. -                                          :
                                                            :    07 Civ. 10357 (DLC)
E. MUKASEY, Attorney General of the                         :
United States; MICHAEL CHERTOFF,                            :    ELECTRONICALLY FILED
Secretary, Department of Homeland Security;                 :
and ANDREA QUARANTILLO, District Director,                  :
United States Citizenship and Immigration Services;         :
                                                            :
                        Defendants.                         :
------------------------------------------------------------x

Defendants Michael B. Mukasey, United States Attorney General[1]; Michael Chertoff, United States Secretary of Homeland Security; and Andrea Quarantillo, District Director of the New York District of United States Citizenship and Immigration Services ("CIS") (collectively, "defendants" or "Government") by their attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, hereby answer the complaint of plaintiff Dariusz Siergiejuk ("plaintiff" or "Siergiejuk"), upon information and belief, as follows:

---

[1] The Attorney General's name is "Michael B." – not "E." – Mukasey, and the caption should be changed to reflect that fact.

1.Deny the allegations in paragraph 1 of the complaint; except deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 1 respecting plaintiff's citizenship and nationality; and admit that: (1) the CIS has assigned plaintiff the alien registration number A46 065 602; (2) on or about September 15, 2002, plaintiff submitted an application ("naturalization application" or "N-400 application") to the New York District office of the former Immigration and Naturalization Service ("INS")[2], seeking to become a naturalized citizen of the United States, pursuant to §§ 310 and 316 of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. §§ 1421 & 1427; and (3) that application remains pending with the CIS (as the INS's successor agency). In further response to the allegations in paragraph 1, defendants aver that plaintiff is not statutorily eligible for naturalization at this time because the CIS has not completed its full examination of plaintiff, including a mandatory investigation into plaintiff's background by the Federal Bureau of Investigation ("FBI"). See Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriations Act of 1998, Pub. Law 105-119, Title I, 111 Stat. 2440, 2448 (Nov. 26, 1997).

2.Neither admit nor deny the allegations in paragraph 2 because they constitute plaintiff's prayer for relief, characterization of this action, and/or conclusions of law, to which no responsive pleading is required; and respectfully refer the Court to the statutes cited in paragraph 2

---

[2]On March 1, 2003, the INS ceased to exist as an independent agency within the United States Department of Justice, and its functions respecting the processing of applications for naturalized citizenship in the United States were assumed by the CIS in the United States Department of Homeland Security. See Homeland Security Act of 2002, Pub. L. 107-296, § 471(a), 116 Stat. 2135, 2205 (Nov. 25, 2002); see also Clark v. Martinez, 533 U.S. 371, 374 n.1 (2005); Chan v. Gantner, 464 F.3d 289, 292 (2d Cir. 2006) (per curiam); Brown v. Ashcroft, 360 F.3d 346, 348 (2d Cir. 2004).

for accurate statements of their provisions.  To the extent that a further response to the allegations in paragraph 2 is required, defendants deny the allegations.

3.      Neither admit nor deny the allegations in paragraph 3 because they constitute conclusions of law, to which no responsive pleading is required; and respectfully refer the Court to the statutes cited in paragraph 3 for accurate statements of their provisions.  To the extent that a further response to the allegations in paragraph 3 is required, defendants deny the allegations.

4.      Neither admit nor deny the allegations in paragraph 4 because they constitute plaintiff's prayer for relief and/or conclusions of law, to which no responsive pleading is required; and respectfully refer the Court to the statutes and rules cited in paragraph 4 for accurate statements of their provisions.  To the extent that a further response to the allegations in paragraph 4 is required, defendants deny the allegations.

5.      Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 5 respecting plaintiff's place of residence; admit that defendants "have a presence" in this District; neither admit nor deny the remaining allegations in paragraph 5 because they constitute plaintiff's conclusions of law, to which no responsive pleading is required; and respectfully refer the Court to the statute cited in paragraph 5 for an accurate statement of its provisions.

6.      Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 6 respecting plaintiff's place of residence; and admit that the CIS has assigned plaintiff the alien registration number A46 065 602, and that plaintiff is an applicant for naturalized citizenship in the United States.

7. Neither admit nor deny the allegations in paragraph 7 because they constitute conclusions of law, to which no responsive pleading is required; except admit that defendant Michael Chertoff is United States Secretary of Homeland Security; and respectfully refer the Court to the statute cited in paragraph 7 for an accurate statement of its provisions.

8. Neither admit nor deny the allegations in paragraph 8 because they constitute plaintiff's characterization of this action and/or conclusions of law, to which no responsive pleading is required; except admit that defendant Department of Homeland Security is an agency of the United States Government.

9. Admit the allegation in paragraph 9.

10. Neither admit nor deny the allegations in paragraph 10 because they constitute conclusions of law, to which no responsive pleading is required; except admit that defendant Andrea Quarantillo is the District Director of the CIS's New York District office.

11. Neither admit nor deny the allegations in paragraph 11 because they constitute conclusions of law, to which no responsive pleading is required; and respectfully refer the Court to the statutes and regulations cited in paragraph 11 for accurate statements of their provisions.

12. Deny the allegation in paragraph 12 that defendants "maintain a practice that denies applicants'. . . rights"; admit that the CIS has not issued any formal notification to plaintiff regarding any final adjudication of his naturalization application; and aver that the CIS has not made a final adjudication of that application.

13. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 13; except admit that plaintiff submitted an application for naturalized

citizenship to the INS more than five years ago and the CIS has not yet conducted an examination of plaintiff in connection with that application.

14. Deny the allegations in paragraph 14; except admit that plaintiff submitted an application for naturalized citizenship to the INS more than five years ago and the CIS has not yet conducted an examination of plaintiff in connection with that application.

15. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 15 respecting plaintiff's age, nationality, and citizenship; and admit the remaining allegations in paragraph 15.

16. Admit the allegations in paragraph 16.

17. Admit the allegations in paragraph 17.

## AS AND FOR A FIRST DEFENSE

The Court lacks jurisdiction over the subject matter of this action.

## AS AND FOR A SECOND DEFENSE

Plaintiff's claims are unripe for review.

## AS AND FOR A THIRD DEFENSE

Plaintiff has failed to exhaust administrative remedies.

## AS AND FOR A FOURTH DEFENSE

The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A FIFTH DEFENSE

Plaintiff has failed to show he is owed a peremptory duty that defendants have refused to perform.

### AS AND FOR A SIXTH DEFENSE

Mandamus will not lie against defendants to control the exercise of their administrative judgment and discretion.

### AS AND FOR A SEVENTH DEFENSE

Any delay in the adjudication of plaintiff's naturalization application is attributable to plaintiff's own actions.

### AS AND FOR AN EIGHTH DEFENSE

Plaintiff is not statutorily eligible for naturalization until the CIS has completed its examination of plaintiff, including an investigation into plaintiff's background by the FBI.

### AS AND FOR A NINTH DEFENSE

Because the CIS has not completed its examination of plaintiff, jurisdiction to consider plaintiff's claims is not conferred upon the Court by INA § 336(b), 8 U.S.C. § 1447(b) (providing for an exercise of jurisdiction where "there is a failure to make a determination [on a naturalization application] before the end of the 120 day period after the date on which the examination [of the naturalization applicant] is conducted").

WHEREFORE, defendants respectfully request that this Court enter judgment dismissing the complaint in its entirety, and for such other relief as the Court deems proper.

Dated: New York, New York
March 5, 2008

        MICHAEL J. GARCIA
        United States Attorney for the
        Southern District of New York
        Attorney for Defendants

By:  /s/
      F. JAMES LOPREST, JR.
      Special Assistant United States Attorney
      86 Chambers Street, Room 410
      New York, New York  10007
      Tel. No.:  (212) 637-2728
      (FJL:3210)

TO:  PARKER WAGGAMAN, ESQ.
      Attorney for Plaintiff
      292 Fifth Avenue, 4th Floor
      New York, NY  10001