



RECEIVED
MAY 07 2008
CHAMBERS OF
DENISE COTE

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

86 Chambers Street, 4th Floor
New York, New York 10007

May 6, 2008

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/8/08

D & F
5/7/08

BY HAND

Honorable Denise Cote
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1040
New York, New York 10007

**MEMO ENDORSED**

Re: Siergiejuk v. Mukasey
07 Civ. 10357 (DLC)

Dear Judge Cote:

     I am writing, as directed by the Court at the April 11, 2008 pretrial conference, to apprise the Court of recent developments in the above-referenced civil matter, in which plaintiff Dariusz Siergiejuk ("plaintiff" or "Siergiejuk") seeks to compel United States Citizenship and Immigration Services ("CIS") to schedule an examination in connection with his application for naturalized citizenship. I am also writing respectfully to request that the Court grant the Government until June 30, 2008 either to schedule the examination plaintiff seeks or, in the alternative, to move to dismiss the complaint for lack of subject matter jurisdiction, for the reasons stated below. Finally, I am also writing respectfully to apologize for my delay in submitting this letter, which was due last Friday, which was largely occasioned by my attempts to ascertain more fully certain aspects of this case.

**A.    Plaintiff's Claims**

     Plaintiff claims he submitted a naturalization application to the former Immigration and Naturalization Service ("INS") (CIS's predecessor agency) in September 2002, seeking to become a naturalized citizen of the United States, pursuant to §§ 310 and 316 of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. §§ 1421 & 1427. See Complaint ¶ 15. He claims that appointments for his naturalization examination were scheduled for dates in November 2003, October 2004, and January and March 2005, but that the agency cancelled each appointment without explanation. See Complaint ¶¶ 15-17. He seeks an order from this Court compelling CIS to conduct his naturalization examination. See Complaint, "Wherefore" clause.

As the Government informed the Court at the April 11, 2008 conference, CIS has not scheduled another appointment for plaintiff's naturalization examination because the Federal Bureau of Investigation ("FBI") and related agencies have not completed their statutorily-mandated investigation into plaintiff's background.

**B.     The Complaint Should Be Dismissed for Lack of Subject Matter Jurisdiction**

The complaint should be dismissed for lack of subject matter jurisdiction because plaintiff's naturalization application is at neither of the two specific statutory junctures at which the naturalization statutes confer jurisdiction on district courts: i.e., where the CIS has not rendered a decision within 120 days of an applicant's examination, see 8 U.S.C. § 1447(b), or where the CIS has issued a final denial following an N-336 hearing, see 8 U.S.C. § 1421(c).

Several courts have held that unless a naturalization applicant shows that her application is at one of the two specific points described in those statutory provisions, subject matter jurisdiction is absent. See Levy v. INS, 6 Fed. Appx. 331, 333, 2001 WL 291167 (7th Cir. Mar. 22, 2001) ("district courts have jurisdiction only in cases where the [agency] denies an application for naturalization [following the administrative appeal in INA § 336(a)] or neglects to rule on it within 120 days of conducting a naturalization interview") (emphasis added, citing 8 U.S.C. §§ 1447(b) & 1421(c)) (unpublished decision);[1] Baez-Fernandez v. INS, 385 F. Supp. 2d 292, 295 (S.D.N.Y. 2005) (contrasting two distinct jurisdiction-conferring situations); Borromeo Escaler v. U.S. CIS, No. 03 Civ. 8418 (BSJ), 2007 WL 1975485, at *3 (S.D.N.Y. July 6, 2007) ("courts generally may intervene in the naturalization process in only two specific instances") (emphasis added), appeal filed, No. 07-3769 (2d Cir. Sep. 4, 2007); Danqi Li v. INS, No. 00 Civ. 7868 (CBM), 2003 WL 102813, at *4 (S.D.N.Y. Jan. 10, 2003) ("the immigration statutes provide for two specific points at which a district court may intervene in the naturalization process. . . . First, if the INS does not render a decision on an application within 120 days of the applicant's naturalization application, [and, second,] if the INS denies a naturalization application -- and that denial has been confirmed after an administrative appeal") (citations, quotation marks omitted); Langer v. McElroy, No. 00 Civ. 2741 (RWS), 2002 WL 31789757, at *2 (S.D.N.Y. Dec. 13, 2002) ("the immigration statutes create two specific points at which a district court may intervene in the naturalization process") (citations omitted); see also id., at *3 ("The plain language of [the INA] reveals that jurisdiction lies only during any potential time lag between the fourth and fifth steps of the process") (emphasis added).

Moreover, that Congress established provisions for district court jurisdiction at two specific points in the naturalization process – but established no provision for intervention where, as here, an applicant is awaiting an initial examination – suggests that no such jurisdictional grant was intended. See Nat'l R.R. Passenger Corp. v. Nat'l Ass'n of R.R. Passengers, 414 U.S. 453, 458

---

[1] Although the United States Court of Appeals for the Seventh Circuit does not prohibit citation of its unpublished decisions in other circuits, such decisions are not "precedent." 7th Cir. R. 53(b)(2)(iv).

Page 3
Honorable Denise Cote								May 6, 2008

(1974) ("expressio unius est exclusio alterius"); Water Transp. Ass'n v. ICC, 722 F.2d 1025, 1029 (2d Cir. 1983) (same).

    Finally, the naturalization regulations require CIS to await the completion of an applicant's background investigation before conducting his naturalization examination, 8 C.F.R. §335.2(b) (2007) – and even then, leave the scheduling of the examination to CIS discretion, see, e.g. Zheng v. Reno, 166 F. Supp. 2d 875, 880 (S.D.N.Y. 2001) (in analogous context of interviews for adjustment of immigration status, "the scheduling remains within the discretion of the INS").

**C.**    **Conclusion**

    For the reasons stated above, I respectfully request that the Court grant the Government until June 30, 2008, to either schedule the examination plaintiff seeks or to file a motion to dismiss the complaint.

    I thank the Court for its consideration of that request, and respectfully further request that the Court direct this letter to be docketed as part of its record in this action.

    Respectfully,

    MICHAEL J. GARCIA
    United States Attorney

By: _____
    F/JAMES LOPREST, JR.
    Special Assistant United States Attorney
    Tel. No.: (212) 637-2728

TO:    BY TELEFACSIMILE
    AND FIRST CLASS MAIL

    Parker Waggaman, Esq.
    292 Fifth Avenue, 4th Floor
    New York, NY  10001

*[Handwritten annotation: With consent of plaintiff's counsel, granted. Denise Cote, May 8, 2008]*